IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **J.D. FRIESS and VICKIE FRIESS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 06-2573-KHV |
| **QUEST CHEROKEE, LLC,** | ) | |
| **EXPLORER RESOURCES, INC. and** | ) | |
| **BLUESTEM PIPELINE, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiffs, citizens of Kansas, filed suit against Quest Cherokee, LLC, Explorer Resources, Inc. and Bluestem Pipeline, LLC in the District Court of Labette County, Kansas. On December 22, 2006, Quest Cherokee, LLC and Bluestem Pipeline, LLC removed this action. Defendants' sole basis for subject matter jurisdiction is diversity of citizenship. 28 U.S.C. § 1332. Section 1332 requires complete diversity between all plaintiffs and all defendants. Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). On January 22, 2007, the Court ordered defendants to show good cause why this action should not be remanded to the District Court of Labette County, Kansas for lack of subject matter jurisdiction. This matter is before the Court on Defendants' Response To Order To Show Cause (Doc. #7) filed February 5, 2007. For reasons stated below, the Court finds that defendants have not shown good cause why this action should not be remanded to state court.

Defendants assert that Quest Cherokee, LLC is a Delaware limited liability company with its principal place of business in Oklahoma and that Bluestem Pipeline, LLC is a Delaware limited liability company with its principal place of business in Oklahoma. See Notice Of Removal (Doc. #1) at 2. For

the purpose of diversity jurisdiction, however, an LLC is a citizen of each state of which a member is a citizen.[1]  The notice of removal does not allege the citizenship of each member of Quest Cherokee and Bluestem Pipeline and it therefore fails to properly allege subject matter jurisdiction.

Defendants maintain that the Tenth Circuit has established that an LLC is a citizen of the state where it is organized and also the state of its principal place of business.  See Defendants' Response To Order To Show Cause (Doc. #7) filed February 2, 2007 at 2 (citing Shell Rocky Mtn. Prod., LLC v. Ultra Res., Inc., 415 F.3d 1158 (10th Cir. 2005)).  In Shell, the Tenth Circuit addressed the issue of diversity jurisdiction.  The sum total of its analysis on Shell's citizenship was as follows:

> Shell brought this civil action against Ultra in Wyoming district court.  Ultra filed a motion to dismiss for lack of subject matter jurisdiction on the basis that the parties were not diverse.  For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Id. § 1332(c)(1).

---

[1] See Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Provident Energy Assocs. of Mont. v. Bullington, 77 Fed. Appx. 427, 428 (9th Cir. 2003); Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 Fed. Appx. 731, 732-33 (6th Cir. 2002); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Maroy v. ISIS, LLC, No. 06-0776-F, 2006 WL 2056661, at *1 (W.D. Okla. July 21, 2006); Mason v. Thompson, No. 05-1464-HE, 2006 WL 1134939, at *1-2 (W.D. Okla. Apr. 27, 2006); Insured Aircraft Title Serv., Inc. v. Emmons Aviation, LLC, No. 05-1031-C, 2005 WL 2994279, at *1 n.2 (W.D. Okla. Nov. 8, 2005); Tilzer v. Davis, Bethune & Jones, LLC, No. 03-2661-JWL, 2004 WL 825289, at *2 (D. Kan. 2004); Birdsong v. Westglen Endoscopy Ctr., LLC, 176 F. Supp.2d 1245, 1248 (D. Kan. 2001); Hale v. MasterSoft Int'l Pty. Ltd., 93 F. Supp.2d 1108, 1112 (D. Colo. 2000); Bower v. Stein Eriksen Lodge Owners Ass'n, No. 99-CV-155-C, 2000 WL 33710908, at *2 (D. Utah Mar. 1, 2000); see also 13B Charles Alan Wright et al., Federal Practice & Procedure: Juris.2d § 3630 (Supp. 2005).  But see Great Divide Ins. Co. v. Bitterroot Timberframes of Wy., LLC, No. 06-CV-020-WCB, 2006 WL 3933078, at *1 (D. Wyo. Oct. 20, 2006) (assuming without discussion that LLC is citizen of state where it is organized and state of principal place of business).

> It is undisputed that Shell is a Delaware limited liability corporation (LLC) and its principal place of business is Houston, Texas. Thus, Shell is a citizen of both Delaware and Texas. It is also undisputed that Ultra is a Wyoming corporation. The parties are in disagreement, however, as to the location of Ultra's principal place of business.

Id. at 1162.

The Court does not read Shell as altering the well-established law that the citizenship of a limited liability company is determined by the citizenship of all of its members. See supra note 1. First, Shell referred to plaintiff as a "limited liability *corporation*" and applied the general rule for corporations, apparently because the issue was undisputed and was not material to the holding in the case. Shell, 415 F.3d at 1162 (emphasis added). Second, before Shell, the Tenth Circuit had held that for purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of all of its members. See Tuck v United Servs. Auto. Ass'n, 859 F.2d 842, 845 (10th Cir. 1988) (citizenship of unincorporated association includes citizenship of each member of association), cert. denied, 489 U.S. 1080 (1989); Jett v. Phillips & Assocs., 439 F.2d 987, 990 (10th Cir. 1971) (same). Likewise, the Supreme Court had extended this rule to partnerships. See Cardon v. Arkoma Assoc., 494 U.S. 185, 197 (1990). In light of this precedent and the precedent of other circuit courts and district courts within the Tenth Circuit as to the citizenship of LLCs, see supra note 1, the Court reads Shell's statement regarding the citizenship of plaintiff in that case as dicta.[2]

---

[2] In fact, the Tenth Circuit has never cited Shell for the proposition that an LLC is a citizen of the state where it is organized and the state of its principal place of business. Indeed, in Symes v. Harris, 472 F.3d 754 (10th Cir. Dec. 20, 2006), the Tenth Circuit assumed without discussion that if plaintiffs were members of the defendant LLC at the time the lawsuit was filed, diversity of citizenship would not be present. Id. at 758-59. The district court in Symes had specifically noted that in these circumstances, diversity would be lacking because "the citizenship of an LLC is determined by the citizenship of each of
(continued...)

A civil action is removable if plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petro., Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

Defendants seek four months to perform an "extensive" and "extraordinarily time consuming and burdensome" investigation of the citizenship of Bluestem Pipeline, including the citizenship of all of its members and partners. Defendants' Response To Order To Show Cause (Doc. #7) at 2, 3. As the parties invoking federal court jurisdiction, however, defendants must allege facts essential to show

---

[2](...continued)
its members." Symes v. Harris, No. 03-CV-02272-RPM, 2005 WL 3358848, at *3 (D. Colo. Dec. 9, 2005). The Tenth Circuit reversed the district court's ruling that diversity was not present "when the complaint was filed," but it implicitly accepted the district court's statement of the general rule in determining the citizenship of an LLC. See Symes, 472 F.3d at 758-59.

jurisdiction. See Gaines v. Ski Apache, 8 F.3d 726, 729 (10th Cir. 1993). As explained above, the notice of removal does not allege the citizenship of each member of Quest Cherokee and Bluestem Pipeline and it therefore fails to properly allege subject matter jurisdiction. Where the pleadings are inadequate, the Court may review the record to find evidence that diversity exists. Id. As the parties invoking federal court jurisdiction, defendants bear the burden of establishing by a preponderance of the evidence that diversity jurisdiction is present. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). At most, defendants assert that diversity jurisdiction is possible if none of the "numerous" individual investors of Bluestem Pipeline are citizens of Kansas.[3] Defendants' Response To Order To Show Cause (Doc. #7) at 3. The Court is not inclined to give defendants some four months to ascertain whether they have a good faith basis to allege diversity jurisdiction.[4] See Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (litigants should strive to establish relevant and accurate jurisdictional facts at outset before unpleasant discoveries about jurisdictional facts require parties and judge to bemoan waste of time and money invested in litigation) (citation omitted). Because defendants have not shown that the Court has diversity jurisdiction, the Court must remand this action to state court. See Compagnie des Bauxites, 456 U.S. at 702.

**IT IS THEREFORE ORDERED** that this case be remanded to the District Court of Labette

---

[3] Bluestem Pipeline is owned in part by Alerian Opportunity Partners IV, L.P., a Delaware LP, Swank MLP Convergence Fund, LP, a Texas LP, Swank Investment Partners, LP, a Texas LP, the Cushing MLP Opportunity Fund I, LP, a Delaware LP, the Cushing GP Strategies Fund, LP, a Delaware LP, Tortoise Capital Resources Corporation, a Maryland corporation, Huizenga Opportunity Partners, LP, a Delaware LP, and HCM Energy Holdings, LLC, an Illinois LLC. Bluestem Pipeline believes that these owners are hedge funds or investment vehicles, which may be owned by "tens, hundreds, or thousands of individual investors." Defendants' Response To Order To Show Cause (Doc. #7) at 3.

[4] The Court recognizes that defendants, particularly Bluestem Pipeline, have complicated ownership structures, but defendants should have enough information of their own companies' ownership to determine whether they have a good faith basis to allege diversity jurisdiction.

County, Kansas for lack of subject matter jurisdiction.

Dated this 9th day of February, 2007 at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                   KATHRYN H. VRATIL
                                                   United States District Court